Belknap, }
Jan. 7, 1902. }

## LOCKE *v.* BELKNAP COUNTY.

A sheriff who has not furnished support to prisoners confined in the jail of his county on criminal process, nor incurred expense on that account, is not entitled to compensation therefor.

The compensation to which a sheriff is entitled under section 20, chapter 287, of the Public Statutes, relates solely to the board of prisoners confined in jail on civil process, for whose support the county is not chargeable.

Where the duties of receiving and discharging prisoners have been performed by a deputy jailer, with the assent and under the express authority of the sheriff, the latter cannot recover of the county the statutory fees therefor.

ASSUMPSIT, for the board of prisoners confined in the jail, for the years 1898, 1900, and 1901, and the statutory fees for receiving and discharging them. Trial at the May term, 1901, of the superior court before *Young*, J., who ordered judgment for the defendants, and the plaintiff excepted.

During the time mentioned the plaintiff was the sheriff of the county, and he appointed the superintendent of the county farm as the deputy jailer. The jail is one of the buildings at the farm. The deputy made a trade with the county commissioners by which his pay as superintendent of the farm should include all his charges against the county for his fees as jailer. The plaintiff was not a party to this trade and did not assent to it. The prisoners were boarded by the county without expense to the sheriff. There is no dwelling-house in connection with the jail, and in December, 1900, the plaintiff asked the commissioners to provide a place so that he could take charge of the jail. Upon these facts he claimed that he was entitled to recover the difference between

the statutory fee for boarding the prisoners and the actual cost to the county, and his fees as turnkey.

*Frank M. Beckford* and *Edwin H. Shannon*, for the plaintiff.

*William D. Veazey*, solicitor, and *Erastus P. Jewell*, for the defendants.

WALKER, J.    The plaintiff claims that he is entitled to recover compensation for the board of prisoners confined in the jail of his county during his term of office as sheriff, although he did not furnish them with board or sustenance and incurred no expense on that account.    Whatever may be his rights under the circumstances reported, or if it be assumed that he was the jailer during the time specified, he would be entitled to recover only "reasonable compensation for the support" of the prisoners. It is provided in section 4, chapter 282, Public Statutes, that "every jailer shall provide each prisoner in his custody with necessary sustenance, clothing, bedding, fuel, and medical attendance, and the county commissioners shall allow him, out of the county treasury, a reasonable compensation for the support of all prisoners confined on criminal process."    Under this statute the amount of the jailer's compensation would naturally vary with the amount and quality of the service rendered; and if no service was rendered any compensation would be unreasonable, and he would be entitled to nothing.    It appears from the case that the plaintiff has not supplied "sustenance, clothing, bedding, fuel, and medical attendance" or "support" to any prisoner.    Hence under this statute the finding of the superior court that he is entitled to recover nothing presents no error.

But the plaintiff insists that he is at least entitled to recover the difference between the actual cost to the county, by whom the prisoners were in fact supported, and $2.50 per week for each one, as provided in section 20, chapter 287, Public Statutes, which is as follows: "Jailers shall be entitled to the following fees: . . . For the board of a prisoner, including washing, each week, two dollars and fifty cents."    If this contention is sound, the statutes above quoted are in apparent conflict, and both cannot be sustained. Under the former the county is bound to pay the jailer " a reasonable compensation for the support of all prisoners confined on criminal process."    Under the latter, according to the plaintiff's contention, the county is bound to pay the jailer $2.50 per week for the board of each prisoner held on criminal process.    That sum may or may not be reasonable compensation for one week's

support of a prisoner. When it is not, the two sections, if applicable to the same liability, cannot be reconciled. A theory of statutory construction leading to such a result cannot be adopted except upon the ground of actual necessity, or in the absence of any reasonable explanation of the apparent conflict.

Upon an examination of the two statutes in question, without the aid of other evidence of legislative intention, it is not probable that they were intended to relate to the same subject. Chapter 282, section 4, is in terms restricted, so far as the jailer's compensation is concerned, to the support of persons detained on criminal process, and in this respect it does not relate to prisoners held on civil process, for whose board the county is not liable. P. S., *c.* 235, *ss.* 11, 12, 13. But chapter 287, section 20, unquestionably provides for the price of the board of the prisoners on civil process; and the inference is that it does not apply to the support of prisoners on criminal process. In this view there is no conflict between the two statutes. For the support and maintenance of one class of prisoners the county commissioners allow the jailer " a reasonable compensation "; for the board of another class of prisoners, which is not chargeable to the county, the legislature has fixed the rate of compensation which the jailer is entitled to demand and receive of the persons legally liable therefor.

An historical review of legislation upon this subject leads to the same result. " An act regulating fees " was passed February 9, 1791, which provided that " gaolers " should receive " for each prisoner's diet, five shillings per week." Laws, *ed.* 1797, *p.* 118. On the following day " An act regulating prisons " was passed, which provided : " That the prison-keeper shall furnish and provide each prisoner committed for debt, or for any crime, diet and sustenance such as the justices of the sessions may order, for which the prisoner if he be committed for debt, before he be discharged, shall pay at the rate of five shillings per week, or such sum as the court of general sessions of the peace shall order, and in case the prisoner be committed for any crime, three shillings per week, or such sum as the said court shall order, and the prison-keeper shall furnish them with diet in that proportion as to quality." Laws, *ed.* 1797, *p.* 140. This act required the jailer to furnish maintenance for all prisoners, substantially re-enacting the provision quoted above from the act of February 9. Two classes of prisoners were thus early recognized, and a marked distinction was drawn in the compensation allowed the jailer for their support; for prisoners held on criminal process he was allowed three shillings per week for the board of each, and for those held on civil process five shillings. No material change was made in the law until 1829. Laws, *ed.* 1797, *p.* 462; Laws, *ed.* 1805, *pp.* 115, 125 ; Laws, *ed.* 1815, *pp.* 130, 151.

By the act of January 3, 1829, section 8, it was provided: "That the several prison-keepers, in their respective counties, shall furnish and provide each prisoner committed to their custody for any crime, diet, sustenance, necessary clothing, bedding, fuel, and medical attendance; for which the justices of the court of common pleas are hereby authorized and empowered to allow a reasonable compensation to be paid out of the several county treasuries." Laws, *ed.* 1830, *p.* 517. This act in terms repealed the act of February 10, 1791, and required the jailer to furnish support to prisoners held for crime alone, for which reasonable compensation was provided, instead of the stipulated sum of three shillings per week for each one. This was afterward amended so as to require the jailer to furnish sustenance to both classes of prisoners (R. S., *c.* 226, *s.* 5), leaving the county, as before, liable only for reasonable compensation for the support of the criminal class. The expense of boarding other prisoners confined in jail was provided for by the act of December 23, 1820 (Laws, *ed.* 1830, *p.* 321), which was a substantial re-enactment of the act of February 9, 1791. Laws, *ed.* 1797, *p.* 462; Laws, *ed.* 1805, *p.* 115; Laws, *ed.* 1815, *p.* 130. And such has continued to be the statutory law upon this subject to the present time. C. S., *c.* 241, *s.* 5; *Ib.*, *c.* 245, *s.* 16; G. S., *c.* 267, *s.* 4; *Ib.*, *c.* 272, *s.* 17; G. L., *c.* 285, *s.* 4; *Ib.*, *c.* 290, *s.* 17; P. S., *c.* 282, *s.* 4; *Ib.*, *c.* 287, *s.* 20. The original legislative intention plainly indicated by the statutes of 1791, to allow jailers a certain sum from the county treasuries for the board of prisoners held on criminal process and to establish the fee or compensation for the board of other prisoners, has been preserved in all subsequent legislation. This was the view entertained by the court in *Amherst* v. *Hollis*, 9 N. H. 107. See, also, *Riley* v. *Whittiker*, 49 N. H. 145, 150; *De Comcey's Petition*, 22 N. H. 368, 370.

The result is that the plaintiff, if regarded as the jailer, is only entitled to recover from the county reasonable compensation for boarding and caring for the prisoners in his charge held on criminal process, and the finding of the court, that under this rule he is entitled to nothing, is fully sustained by the reported facts.

The verdict for the defendant establishes the fact that the duty of receiving and discharging prisoners was not performed by the sheriff, but, it is inferred from the case, by the deputy jailer, whom he appointed, and who "in the sheriff's absence or disability" had the legal "custody of the jail and the prisoners therein." P. S., *c.* 282, *s.* 3. The deputy was in fact the jailer within the meaning of section 20, chapter 287, Public Statutes, which provides that jailers shall be entitled to fifty cents "for receiving a prisoner into custody and discharging him." With the assent and

under the express authority of the sheriff, he became the jailer and performed the duties of the office, and is entitled to the fees attached thereto, so far as the sheriff is concerned. If the latter was dissatisfied with his deputy, or if for any reason he desired to perform the duties of jailer himself, he could have revoked the authority of his deputy and assumed the duties of jailer. The case discloses no reason why he might not have done so.

Whether the plaintiff would be entitled to recover in assumpsit, is a question not raised by counsel and not decided by the court. The claim has been considered as one disallowed or disputed by the commissioners and submitted to the court for decision under section 13, chapter 27, Public Statutes.

*Exception overruled.*

All concurred.